PROSKAUER ROSE LLP
*Attorneys for Plaintiff*
Sandra A. Crawshaw-Sparks (SC-1439)
Susan L. Gutierrez (*pro hac vice*)
Eleven Times Square
New York, NY 10036
(212) 969-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SHOWTIME TOURING GROUP PTY LTD, an
Australian proprietary limited company,

                        Plaintiff,

        v.

MOSLEY TOURING, INC., a Florida
corporation, and TIMOTHY Z. MOSLEY
p/k/a "TIMBALAND", an individual,

                    Defendants.

---------------------------------------------------------------x

Case No.: 14-CV-04116 (AJN

**ANSWER**

Plaintiff SHOWTIME TOURING GROUP PTY LTD ("Showtime"), by its attorneys, Proskauer Rose LLP, as and for its Answer to the Counterclaim by defendants MOSLEY TOURING, INC. ("Mosley Touring") and TIMOTHY Z. MOSLEY p/k/a "TIMBALAND" ("Timbaland" and, together, with Mosley Touring, "Defendants" or "Counterclaimants"), state as follows:

1.    The allegations contained in Paragraph "92" of the Counterclaim fail to make an allegation against any part and, accordingly, no response is required.

2.    The allegations contained in Paragraph "93" of the Counterclaim fail to make an allegation against any part and, accordingly, no response is required.

3.    Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "94" of the Counterclaim.

4.      Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "95" of the Counterclaim.

5.      Showtime admits the allegations contained in Paragraph "96" of the Counterclaim.

6.      Showtime states that paragraph "97" of the Counterclaim asserts statements and conclusions of law to which no response is required, except that Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegation that "the plaintiff are citizens of the state of Florida".

7.      Showtime states that paragraph "98" of the Counterclaim asserts statements and conclusions of law to which no response is required.

8.      Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "99" of the Counterclaim.

9.      Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "100" of the Counterclaim.

10.     Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "101" of the Counterclaim.

11.     The allegations of Paragraph "102" of the Counterclaim purport to refer to a specific document. The Court is respectfully referred to such document for the complete terms, conditions and contents thereof.

12.     Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "103" of the Counterclaim.

13.     Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "104" of the Counterclaim, except that it states

that the Agreement was entered into approximately six weeks prior to the first scheduled performance under the Agreement.

14. The allegations of Paragraph "105" of the Counterclaim, including subparagraphs "a" through "h" thereof, purport to refer to a specific document. The Court is respectfully referred to such document for the complete terms, conditions and contents thereof.

15. The allegations of Paragraph "106" of the Counterclaim purport to refer to a specific document. The Court is respectfully referred to such document for the complete terms, conditions and contents thereof.

16. Showtime denies the allegations contained in Paragraph "107" of the Counterclaim.

17. Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "108" of the Counterclaim, except that it states that the Agreement was entered into approximately six weeks prior to the first scheduled performance under the Agreement.

18. Showtime denies the allegations contained in Paragraph "109" of the Counterclaim. Further, the allegations of Paragraph "109" of the Counterclaim purport to refer to a specific document. The Court is respectfully referred to such document for the complete terms, conditions and contents thereof.

19. Showtime denies the allegations contained in Paragraph "110" of the Counterclaim.

20. Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "111" of the Counterclaim, except that it states

that on or about June 12, 2008 Showtime had paid Mosley Touring a total of $500,000 under the Agreement.

21.    Showtime denies the allegations contained in Paragraph "112" of the Counterclaim, except to state that it did not provide Mosley Touring the remaining $500,000 under the Agreement as a result of Defendants' multiple, incurable and material breaches thereof.

22.    Showtime denies the allegations contained in Paragraph "113" of the Counterclaim.

23.    Showtime denies the allegations contained in Paragraph "114" of the Counterclaim.   Further, the allegations of Paragraph "114" of the Counterclaim, including subparagraphs "a" through "d" thereto, purport to refer to one or more specific documents. The Court is respectfully referred to such document(s) for the complete terms, conditions and contents thereof.

24.    Showtime denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "115" of the Counterclaim.   Further, the allegations of Paragraph "115" of the Counterclaim purport to refer to a specific document. The Court is respectfully referred to such document for the complete terms, conditions and contents thereof.

25.    Showtime denies the allegations contained in Paragraph "116" of the Counterclaim.

26.    Showtime denies the allegations contained in Paragraph "117" of the Counterclaim.

27.     Showtime denies the allegations contained in Paragraph "118" of the Counterclaim. Further, the allegations of Paragraph "118" of the Counterclaim purport to refer to a specific document. The Court is respectfully referred to such document(s) for the complete terms, conditions and contents thereof.

28.     Showtime denies the allegations contained in Paragraph "119" of the Counterclaim, except that Showtime states that Peter D. Raymond of Reed Smith LLP sent Showtime a letter purporting to be a notice of termination on July 17, 2008.

29.     Showtime denies the allegations contained in Paragraph "120" of the Counterclaim.

30.     Showtime denies the allegations contained in Paragraph "121" of the Counterclaim.

31.     Showtime denies the allegations contained in Paragraph "122" of the Counterclaim.

32.     Showtime denies the allegations contained in Paragraph "123" of the Counterclaim.

## AFFIRMATIVE DEFENSES

As and for an Answer to the Counterclaim, and as and for its Affirmative Defenses thereto, Showtime states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

33.     The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

34.     The Counterclaim is barred, in whole or in part, by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

35.     The Counterclaim is barred, in whole or in part, as a result of the breaches, failures and/or inability to perform and/or the actions, conduct and/or omissions of Counterclaimants.

## FOURTH AFFIRMATIVE DEFENSE

36.     The Counterclaim is barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

37.     Counterclaimants are not entitled to recover incidental damages including attorneys' fees and legal expenses.

## SIXTH AFFIRMATIVE DEFENSE

38.     The Counterclaim should be dismissed, in whole or in part, based upon the doctrines of wavier, estoppel, consent and/or ratification.

## SEVENTH AFFIRMATIVE DEFENSE

39.     The Counterclaim should be dismissed, in whole or in part, to prevent the unjust enrichment of Counterclaimants.

## EIGHTH AFFIRMATIVE DEFENSE

40.     The Counterclaim should be dismissed, in whole or in part, based upon laches.

## NINTH AFFIRMATIVE DEFENSE

41.     The Counterclaim should be dismissed, in whole or in part, based upon the unclean hands of Counterclaimants.

## TENTH AFFIRMATIVE DEFENSE

42.     Showtime reserves the right to raise additional defense and/or other supplemental defenses asserted in this Answer, whether such additional defenses arise under federal law, state law, by statute, inequity, or common law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Showtime prays for judgment against Counterclaimants as follows:

(1)     That Counterclaimants take nothing by reason of the Counterclaim;

(2)     That Showtime be awarded its attorneys' fees and costs of suit herein; and

(3)     For such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 11, 2014

PROSKAUER ROSE LLP

By: _Sandra A. Crawshaw-Sparks_
Sandra A. Crawshaw-Sparks (SC-1439)
Susan L. Gutierrez (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Sandra A. Crawshaw-Sparks, hereby certify that on September 11, 2014, I caused a true and correct copy of Plaintiff's Answer to be served upon all counsel of record via electronic and first-class mail.

Sandra A. Crawshaw-Sparks